IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

SEAN TROESCH

Magistrate's No. 20-2078

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Christopher J. Kline, being first duly sworn, hereby depose and state as follows:

1.  I am a Special Agent with the United States Postal Service – Office of Inspector General ("USPS-OIG") and have been so employed since April 2016. As part of my duties, I am assigned to the Pittsburgh Resident Office, with an assigned territory of the Western Judicial District of Pennsylvania. My responsibilities include investigations of mail theft, financial fraud, and narcotics trafficking through the mail, specifically pertaining to violations committed by employees of the United States Postal Service ("USPS"). As a Special Agent with the USPS-OIG I have participated in a number of mail theft and destruction investigations, which have resulted in the recovery of undelivered United States mail.

2.  Prior to working as a Special Agent with the USPS-OIG, I worked as a Special Agent with the United States Secret Service (USSS), where I was employed from June 2008 to April 2016. As a Special Agent with the USSS, I was responsible for investigations of financial crimes such as access device fraud, bank fraud and forgery. I have also assisted with investigations dealing with the possession, manufacturing, and distribution of controlled substances. I have assisted in undercover operations and executed various search and arrest warrants. I have debriefed informants.

3.  Before becoming a Special Agent, I received training at the Federal Law Enforcement Training Center (FLETC), where I was trained in narcotics trafficking, money

laundering, undercover operations, confidential informants, and electronic and physical surveillance techniques.

4. As part of my training and experience, I am aware that Title 18, United States Code, Section 1703(a) makes it a crime for a USPS employee to unlawfully secrete, destroy, detain, delay, or open mail that had been entrusted to him and which was intended to be conveyed by mail or delivered by the Postal Service.

5. The information contained in this affidavit is based on my own investigation, as well as information received from possible witnesses and other law enforcement officers. This affidavit is submitted for the limited purpose of establishing probable cause to believe that Sean Troesch has committed violations of 18 U.S.C. § 1703(a). It does not include every fact known to me through my participation in this investigation.

6. At all times relevant to this affidavit, Sean Troesch was a City Carrier for and employee of the United States Postal Service. He worked out of the Post Office in Mount Oliver, Pennsylvania, and lived on Meadowcrest Road in Baldwin, Pennsylvania. On or about October 8, 2020, an employee of the Postal Service received an allegation about a mail carrier who lives on Meadowcrest Road in Baldwin. According to the report received by the Postal Service, the mail carrier who lives on Meadowcrest Road had previously been seen taking mail from the rear of his vehicle and placing it into trash bags. The mail carrier who lives on Meadowcrest Road was later identified as Sean Troesch.

7. On Sunday, October 11, 2020, your Affiant received a report that Troesch had placed nine trash bags at the street in front of his house on Meadowcrest Road. Trash pickup in Troesch's neighborhood was scheduled for Monday, October 12, 2020.

8. Continuing on October 11, 2020, your Affiant and Special Agent John Burkhart, United States Postal Service, Office of Inspector General, went to Troesch's residence to speak with him about the contents of the trash bags. Troesch signed a *Garrity* warning form and agreed to speak with investigators. The interview took place on the street directly in front of Troesch's residence and nearby the nine trash bags, which were also at the street in front of the residence. When asked if the bags in front of his house contained mail, Troesch indicated that one of the bags did. Your Affiant opened that bag, which included only bundled mail. Although Troesch initially reported that only that single bag contained mail, he ultimately acknowledged that all of the trash bags did and told investigators to take them. Four mail items were also recovered from Troesch's personal vehicle. Troesch told investigators that the mail had been intended for delivery on his route, and acknowledged that it was wrong to throw mail into the trash.

9. On October 13, 2020, at the Mount Oliver Post Office, agents inventoried the mail that had been recovered from Troesch's vehicle and the trash bags in front of his residence. It included 314 items of First Class Mail, 7 items of Certified Mail, 1 item of Priority Mail, and 1,311 political advertisements or similar items of campaign mail. One application requesting the delivery of a mail-in ballot was included among the pieces of First Class Mail. The seized mail did not contain any mail-in ballots.

10. Your Affiant submits that, based on the foregoing, there is probable cause to believe that, in the Western District of Pennsylvania, Sean Troesch has unlawfully secreted, destroyed, detained, and delayed mail that had been entrusted to him and was intended for delivery, in violation of 18 U.S.C. § 1703(a).

The above information is true and correct to the best of my knowledge, information and belief.

Respectfully submitted,

*/s/ Christopher J. Kline*
Christopher J. Kline
Special Agent
United States Postal Service
Office of Inspector General

Sworn and subscribed before me, by telephone
pursuant to Fed. R. Crim. P. 4.1(b)(2)(A),
this 14th day of October, 2020.

*Cynthia R. Eddy*
Honorable Cynthia Reed Eddy
Chief United States Magistrate Judge